UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW ROSENTHAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV1024  CDP |
| | ) | |
| MYRNA HERSHMAN,  et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Andrew Rosenthal claims that he was denied an apartment at

Covenant House/CHAI Apartments because of his disability.  In his voluminous pro

se filings, he points to a number of statutes and regulations that he believes were

violated.  Even when Rosenthal's filings are liberally construed and given every

reasonable inference, they fail to state any basis for relief.  Significantly, Rosenthal

makes no attempt to show that the defendants' stated reason for denying him an

apartment – his bad credit history – is false or a pretext for discrimination.  The

unusual twist in this case is that the apartment would not have been available at all

to a person of Rosenthal's age without a disability.  Thus, his essential claim is that

he was refused a disability-only apartment because of his disability, and he ignores

the undisputed fact that his credit rating was the only thing that prevented him from

obtaining the apartment.  I will grant judgment to all defendants on this factually

frivolous claim.

## Undisputed Facts

In early May of 2005 Andrew Rosenthal inquired about and applied for an

apartment at the Community Housing Association, Inc. (CHAI).  He was told that

one-bedroom apartments that had been modified for persons with mobility

impairments were available.  On May 18, 2005, he visited the facility and was

shown an apartment that was expected to be available on July 1.

The CHAI apartments are subsidized apartments available to persons over the

age of 62.  There are a limited number of modified apartments that are available to

single individuals aged 18 to 62 who have mobility impairments.  Rosenthal was

younger than 62, but he provided the apartment management with verification that

he qualified as mobility impaired, and thus would qualify for the apartment if he met

the other tenant selection criteria.  Those criteria include, among other things, a

credit check showing no more than two accounts in negative standing for the past

five years.

Rosenthal's credit check showed more than two accounts in negative standing

within the last five years.  On May 25, 2005, CHAI's Director of Resident

Services/Admissions sent Rosenthal a letter rejecting his application because of his

poor credit background.  The letter included the name and address of the credit

reporting agency from which CHAI obtained this information, and provided a notice

to Rosenthal about how to obtain a copy of the report, as well as telling him that he

had the right to dispute the accuracy of the information.  He was also told that he

could reapply if he improved his credit rating.

Rosenthal suffers from a number of physical impairments, which he describes

as including neuropathy and "Idiopathic paricoditios (inflammation of the heart),

chronic cellulitios (skin infections), vasculitios, Bi-Polar Disorder, Deep vein

thrombosis, ademia (water retention), Pulomanry emboli, chronic condition gout,

recent heart attack June 2005, ventricular septal defect lower left chamber shunt

repair July 1986, deterioation of the lower lumbar of the spine and many other

chronic conditions."  Amended Complaint, Docket # 10, page 3, paragraph 3.

## Discussion

Rosenthal's pro se pleadings are difficult to follow, but, liberally construing

them, he claims that defendants' actions violated the following laws:

1.    The Equal Protection and Due Process clauses of the 14th Amendment.

2.    Fair Housing Act, 42 U.S.C. § 3601 et seq.

3.     Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq.

4.       Americans with Disabilities Act, 42 U.S.C. § 12132.

5.       Age Discrimination Act, 42 U.S.C. § 6101 et seq.

6.       Rehabilitation Act of 1973, 29 U.S.C. § 794.

Rosenthal's papers also reference 42 U.S.C. §§ 1982, 1983 and 1985; the

Community Reinvestment Act, 12 U.S.C. § 2901; the Uniform Relocation

Assistance and Real Property Acquisition Policies Act, 42 U.S.C. § 4601; the Home

Mortgage Disclosure Act, 12 U.S.C. § 2801 et seq.; the Migrant and Seasonal

Agricultural Worker Protection Act, 29 U.S.C. § 1801 et seq.; and Title VI of the

Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq.

Defendants have filed a motion to dismiss many of the obviously inapplicable

claims, and have filed a motion for judgment on the pleadings with regard to the

others. Plaintiff has filed two motions for preliminary injunction and temporary

restraining orders, a motion to produce, a cross motion for summary judgment, a

motion for cross-claim on the pleadings, a reply to defendants' answer, and two

motions to add parties. The titles of plaintiff's motions do not necessarily reflect the

contents of the motions; most of plaintiff's filings are merely repetitions of earlier

filings. In any event, there are no factual disputes in the case, and both parties agree

to the facts set out above. The only dispute is whether an inference of

discrimination or violation of other federal law can be drawn from these undisputed

facts.  I conclude that no such inference can be drawn.

Judgment on the pleadings is proper when the moving party clearly shows there are no material factual issues and the moving party is entitled to judgment as a matter of law.  Franklin High Yield Tax-Free Income Fund v. Martin County, 152 F.3d 736, 738 (8th Cir. 1998).  In applying this standard I must view the facts in the light most favorable to Rosenthal, and give Rosenthal the benefit of all reasonable inferences.

Several of the statutes that Rosenthal cites simply have no applicability to the factual allegations he makes.  For example, the Community Reinvestment Act regulates financial institutions.  12 U.S.C. § 2901 et seq.  The Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. 4621, deals with persons displaced from subsidized housing.  The Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 et seq., deals with farm workers.  The Home Mortgage Disclosure Act, 12 U.S.C. § 2801 et seq., deals with financial institutions that provide home mortgages.  Title VI of the Civil Rights act, 42 U.S.C. § 2000d, provides protection from discrimination based on race, color or national origin.  The Equal Credit Opportunity Act, 15 U.S.C. § 1691 provides remedies against creditors related to credit transactions.  Although Rosenthal was denied the apartment because of his bad credit, he was not seeking credit from the defendants,

and he cannot state a claim against these defendants for his poor credit rating.  He

also refers to the anti-redlining provisions of the Fair Housing Act, but has not

alleged anything remotely approaching redlining.  He has not alleged that any state

actor was involved, so his claims under 42 U.S.C. §1983 and related acts cannot

stand.  In any event, he has alleged no facts that indicate a violation of his

constitutional rights to due process and equal protection.

Each of the laws under which Rosenthal might arguably state a claim requires

some element of discrimination, or at least requires that a defendant took or failed to

take some action because of the plaintiff's disability.  See generally Neudecker v.

Boisclair Corp. 351 F.3d 361 (8th Cir. 2003).  Rosenthal cannot show that he was

qualified for the apartment, because the undisputed facts show that he did not meet

the credit requirements.  This by itself keeps him from making a prima facie case of

disability discrimination under the Fair Housing Act, the Americans with Disabilities

Act, the Rehabilitation Act, or the Age Discrimination Act.  Additionally, even if he

could make a prima facie case under any of these statutes, the defendants have

provided a legitimate non-discriminatory reason for their action -- his poor credit

rating.  Rosenthal has failed to point to any evidence from which any reasonable

inference could be drawn that this reason was a pretext for discrimination.

Finally, it appears that Rosenthal may be attempting to argue that defendants

violated the "reasonable accommodations" provisions of the various anti-discrimination laws by failing to accommodate his bad credit. The statutes only require reasonable accommodations that may be necessary to allow a disabled person to have the same opportunities as a non-disabled person. The accommodation must be necessary because of the disability. Rosenthal's bad credit is not the same as his disability, and none of the laws he cites require accommodation of poor credit. See Salute v. Stratford Greens Garden Apartments, 136 F.3d 293, 300 (2nd Cir. 1998) (landlord not required to accept Section 8 tenants as reasonable accommodation to handicap, because "impecunious people with disabilities stand on the same footing as everyone else"); Schanz v. Village Apartments, 998 F. Supp 784, 789 (E.D. Mich. 1998). The apartment he was applying for was already subsidized on account of his disability and income, and the law does not require a landlord to further subsidize rents or waive reasonable credit history requirements merely because a tenant is disabled.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [#28] and for judgment on the pleadings [#30] are granted.

**IT IS FURTHER ORDERED** that plaintiff's motions [## 23, 33, 34, 36, 38, 41] are denied.

A separate judgment will be entered this same date.


                                 _____
                                 CATHERINE D. PERRY
                                 UNITED STATES DISTRICT JUDGE

Dated this 7th day of December, 2005.